## West View Borough v. West View Park Co.

H. Carl Brandt and Brandt, Riester & Brandt, for plaintiff.

Henry A. Bergstrom and Louis Vaira, for defendant.

ADAMS, J., March 28, 1949.—Plaintiff, West View Borough, filed a bill for discovery against defendant, West View Park Company. Defendant's answer is, in substance, a preliminary objection, and was so regarded by plaintiff, who put the case down for argument. It was there agreed that the matter should be determined on the single question of law raised.

The bill asserts the park company is appellant in an appeal pending in this court from the assessment of its real estate, for tax purposes, by the Board of Property Assessment, Appeal and Review of the County of Allegheny, under the Act of May 22, 1933, P. L. 853, as amended, 72 PS §5020-402; that plaintiff is an intervening party in that proceeding; that the material issue of fact therein is the market value of the real estate on which defendant operates an amusement park; that evidence of the "annual net profit capitalized" (of the West View Park Company) "is an important factor in estimating the land's value"; that plaintiff is without knowledge of defendant's income and defendant has refused plaintiff's demand to inspect the books and records of defendant. The bill asks for an order directing defendant "to deliver to the Borough of West View its books of account, records, profit and loss statements and balance sheets for the years 1942, 1943, 1944, 1945 and 1946 for the purpose of assisting its agents in determining the fair market value of its lands, buildings and equipment for the years 1947, 1948 and 1949 for local tax purposes and for such other relief as may be made in the premises".

Discovery will not be granted where the information sought will be of no assistance in determining the issues involved. We must answer the question: Are realized profits of an enterprise competent evidence of the market value (for tax purposes) of land on which the enterprise is operated?

No Pennsylvania decision on this point has been called to our attention, and none has been found. The cases discussing evidence of "rental value" are not pertinent. The reason for this distinction is stated in 26 R. C. L. 324 as follows:

"Care must be taken in distinguishing between income from the property sought to be valued and the income from the business carried on upon the property. Rent received from property, if it is devoted to its most advantageous use, is an element to be considered in determining the value of the property. Ordinarily the profits of a business are not evidence of the value of the premises on which the business is conducted, as they depend on the activity, enterprise and business foresight of the occupant rather than on the value of the property, though in valuing such property as railways, gasworks, and waterworks, the profits made have always been treated as being not only evidence relevant to the question of the value of the property, but as affording, subject to proper deductions and calculations, a measure of value."

In our opinion, the earnings of the amusement park company have little if any probative force as evidence of the value of the real estate occupied by the enterprise. The profits earned are the resultant of many factors which are entirely independent of the real estate value. The admission of such evidence would raise many confusing collateral issues. The better rule is that adopted in People ex rel. v. Lilly, 45 N. Y. S. (2d) 599 (1943) (valuation of hotel) and stated in Somers v. City of Meriden, 119 Conn. 5 (1934), as follows:

"Evidence of financial results of the business conducted by the lessees was properly excluded; profits or losses of a business are so commonly dependent upon causes other than the value of the premises in which it is conducted that, except in some instances as to public utilities, they are not evidence of that value."

Plaintiff relies on Laureldale Cemetery Co. v. Reading Co., 303 Pa. 315. But that case (eminent domain) did not hold that realized profits of an enterprise are competent evidence. The court rejected the contention of the landowner that evidence of prospective profits is admissible. It was further said (dicta): ". . . the annual net profit capitalized would be an important factor in estimating the land's value." But this expression must be read in connection with the accompanying text, "If burial plots were actually being let out at an annual *rental* for graves . . .". (Italics supplied.) Rental income, not profits from the operation of the business, was the subject of the comment.

The preliminary objection must be sustained. The bill will be dismissed.